### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

J.C. individually, and all
others similarly situated,

        Plaintiff,

    v.

DAVID LOCHA, et al.

        Defendants.

No. 1:21-cv-12361-NLH-MJS

**OPINION**

**Appearance**

J.C.
P.O. BOX 934
PHILADELPHIA, PA 19105

      *Pro se*

**HILLMAN**, District Judge

This case concerns civil rights claims brought by a pro se litigant under 42 U.S.C. § 1983 and the New Jersey Civil Rights Act.  Currently before the Court is Plaintiff's Motion for Recusal.  (ECF 5).  For the reasons expressed herein, this Court will deny the motion.

### BACKGROUND

On June 9, 2021 Plaintiff, identified only as J.C., filed a complaint in this Court against David Locha, David L. Henriquez, Nicholas Episcopo, David Bolla, Jane Doe, Mary Beth Daisey, Jennifer Hammill, Jonathan Biondi, Richard Dinan, Casey Woods,

Jewell Battle, Phoebe Haddon, Kevin Pitt, and Rutgers University
(collectively, "Defendants").  (ECF 1 at 2).  The complaint
alleges that on June 13, 2019, Plaintiff was seated at Robeson
Library at Rutgers University in Camden, New Jersey.  (Id. at
4).  It alleges that a library employee saw Plaintiff with his
head down on one of the tables and that shortly thereafter,
three police officers arrived and detained him before getting
him to leave.  (Id. at 4-5).  The complaint alleges that the
officers retaliated against him for exercising his right to
remain silent by telling him that he was banned from the Rutgers
campus.  (Id. at 5-8).  Plaintiff alleges that these actions
violated his constitutional rights.  (Id. at 11).  Plaintiff
further alleges that staff at Rutgers University were not timely
and helpful to him when he sought further information on his
ban.  (Id. at 11-15).

Plaintiff now moves for the recusal of the undersigned on
the basis that the undersigned has ties to Rutgers University in
that he has taught at its law school, has been involved in
programs with the law school, and has hired interns and law
clerks from Rutgers.  (ECF 5 at 1-2).  Plaintiff further alleges
that the undersigned has a pecuniary interest related to
Rutgers.  (Id. at 3).  Finally, Plaintiff appears to allege that

the undersigned is biased because of prior proceedings.[1]  (Id. at 1).

## ANALYSIS

### A.   Subject Matter Jurisdiction

This Court possesses subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1367.

### B.   Motion for Recusal Standard

Recusal is within the sound discretion of the trial court judge.  United States v. Wilensky, 757 F.2d 594, 599-600 (3d Cir. 1985).  Two federal statutes apply to recusal of a federal judge.  The two statutes are 28 U.S.C. §§ 144 and 455. Plaintiff only cites to 28 U.S.C. § 455, so the Court construes the motion for recusal as brought solely under that statute.[2]

Specifically, it appears Plaintiff seeks disqualification of the undersigned from this case pursuant to 28 U.S.C. § 455(a) (b)(1) and (b)(4).[3]  Under 28 U.S.C. § 455(a), a judge must

---

[1] Plaintiff does not identify what prior proceeding in question serves as the basis for his claim of bias but notes that Plaintiff previously brought Civil Action No. 18-13947(NLH).

[2] Even if Plaintiff's Motion for Recusal could be construed as brought under 28 U.S.C. § 144, it is fatally deficient.  That federal statute requires the moving party to "make[] and file[] a timely and sufficient affidavit."  28 U.S.C. § 144.  Plaintiff has not done so here.

[3] The Court notes that disqualification is also required in three other situations under 28 U.S.C. § 455(b), but it does not appear Plaintiff asserts disqualification is required under these other subsections even though he cites generally to §

"disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  Under 28 U.S.C. § 455(b)(1), a judge must "disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party, or personal knowledge of a disputed evidentiary facts concerning the proceeding."

As the Third Circuit has held, "[t]he test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned."  In re Kensington Int'l Ltd., 368 F.3d 289, 301 (3d Cir. 2004) (citing Alexander v. Primerica Holdings, 10 F.3d 155, 164 (3d Cir. 1993)).  Under § 455(a), a movant need not show actual bias.  Id. at 302.  Further, the Third Circuit explained:

> The hypothetical reasonable person under § 455(a) must be someone outside the judicial system because judicial insiders, "accustomed to the process of dispassionate decision making and keenly aware of their Constitutional and ethical obligations to decide matters solely on the merits, may regard asserted conflicts to be more innocuous than an outsider would."

Id. at 303 (quoting United States v. DeTemple, 162 F.3d 279, 287 (4th Cir. 1998)).

Under § 455(b)(1), a movant must show "a favorable or unfavorable disposition or opinion that is somehow wrongful or

---

455(b) in his Motion for Recusal.  The Court finds, regardless, that disqualification would be inappropriate under 28 U.S.C. § 455(b)(2)-(3) and (5) as they are inapplicable to this case.

inappropriate, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess . . . or because it is excessive in degree." Liteky v. United States, 510 U.S. 540, 550 (1994).  Unlike § 455(a), § 455(b)(1) requires not just the appearance of partiality, but a showing of actual bias or prejudice held.  See United States v. Sciarra, 851 F.2d 621, 635 (3d Cir. 1988) ("Although subsection (a) requires only the objective appearance of bias, subsection (b)(1) requires bias-in-fact." (citing United States v. Nobel, 696 F.2d 231, 235 (3d Cir. 1982), cert. denied, 462 U.S. 1118 (1983))).

With respect to prior judicial rulings, as the United States Supreme Court has stated, "[j]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky, 510 U.S. at 555 (citing United States v. Grinnell Corp., 384 U.S. 563, 583 (1966)); see also D'Amario v. Bailey, 182 F. App'x 102, 103 (3d Cir. 2006) ("Adverse legal rulings are not proof of prejudice or bias and, almost never, a basis for recusal under . . . 455(b)(1).").  They reasoned: (1) "they cannot possibly show reliance upon an extrajudicial source" and (2) "can only in the rarest circumstances evidence the degree of favoritism or antagonism required when no extrajudicial source is involved." Id.  Instead, a litigant's disagreements or complaints about an opinion or order "are proper grounds for appeal, not for recusal." Id.

"Under § 455(b)(4), a judge must recuse himself if he knows that he, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding." In re Aetna UCR Litig., 2013 WL 1622160, at *2 (D.N.J. Apr. 15, 2013) (internal alterations and quotation marks omitted).  The Supreme Court has made clear that even a small financial interest would require disqualification. Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 860 n.8 (1988) ("[Section] 455(b)(4) requires disqualification no matter how insubstantial the financial interest and regardless of whether or not the interest actually creates an appearance of impropriety.")  An interest that is speculative or remote, though, would not require recusal. Plechner v. Widener Coll., Inc., 569 F.2d 1250, 1261 (3d Cir. 1977) (noting that the kind of financial interest contemplated under the statute "does not include certain remote interests").

**C. Motion for Recusal**

Plaintiff asserts in his motion for recusal several grounds upon which he argues the undersigned must recuse himself. Plaintiff alleges that the undersigned is affiliated with Rutgers University and that the undersigned has bias from prior proceedings.  Specifically, Plaintiff alleges that the

undersigned works as an adjunct professor at Rutgers Law School, serves on the advisory committee of the Higher Education Center for Ethics, Equity, and Transparency (HECEET) in Paraguay through Rutgers University, hires staff from Rutgers Law School, works on a reentry program for former federal offenders in which a clinic Rutgers Law School has provided legal services for program participants, and has a pecuniary interest in Rutgers University.  (ECF 5 at 1-2).  Finally, Plaintiff argues that bias "does arise from prior proceedings." (Id. at 3).

First, the Court will consider whether any of Plaintiff's arguments require recusal under § 455(a).  A reasonable person, with access to all of the facts here, would not conclude this Court's impartiality might reasonably be questioned.  First, the undersigned has not taught at Rutgers Law School for many years and a previous position is insufficient to warrant recusal. Muhammad v. Moore, 611 F. App'x 352, 355 (7th Cir. 2015) (upholding denial of a motion to recuse where the judge "formerly taught [at the school] as adjunct faculty").  The undersigned does not receive money or any kind of financial incentive from Rutgers University.  The fact that members of his staff may attend or have graduated from Rutgers University or that Rutgers law students serve as interns also is unavailing for Plaintiff.  Courts have held that mere attendance by the judge or a member of his staff of a university who is a party to

7

an action does not merit a finding that a judge is biased toward that institution.  Jersey Asparagus Farms, Inc. v. Rutgers Univ., 2011 WL 1584171, at *3 (D.N.J. Apr. 26, 2011) (holding that where the judge graduated from Rutgers Law School, her ties to Rutgers University did not require recusal); Wu v. Thomas, 996 F.2d 271, 274–75 & n. 7 (11th Cir.1993) (per curiam) (recusal not required where "judge was alumnus of defendant-university, served as unpaid adjunct professor who offered internships for the university's law students, gave the university a yearly donation for football tickets, and planned to create scholarship at the university").  While more recently the undersigned has provided advisory services to a Rutgers ethics and rule of law program located in Paraguay, the position on a volunteer advisory board, an uncompensated and attenuated relationship, is insufficient to warrant recusal.

In addition, to the extent that the undersigned has any connections with Rutgers University, it is with the law school, not Robeson Library or security services for the university, the entities that are more directly implicated in this action.  See Sessoms v. Trustees of Univ. of Pa., 2017 WL 2242847, at *2 (E.D. Pa. May 23, 2017), aff'd sub nom. Sessoms v. Trustees of Univ. of Pennsylvania, 739 F. App'x 84 (3d Cir. 2018) (denying a motion for recusal where the case involved "a limited number of individuals in the human resources department of an

exceptionally large, sprawling health system, which is affiliated with a very large educational institution" and the judge had taught at as an adjunct professor at the law school); see also Jersey Asparagus Farms, Inc., 2011 WL 1584171 at *3 (no recusal required where "no reasonable person would conclude that [the judge's] connections to the law school would call into question [her] impartiality with respect to the undergraduate institution").

To the extent that Plaintiff is arguing that the undersigned suffers bias as a result of the 2018 Action, the Court never opined on the merits of the action.  The Court's decisions in the 2018 Action dealt with the presumption of public access for Court proceedings, enforcement of a settlement agreement, a motion for sanctions, and another motion for recusal.  Plaintiff has not pointed to how any of these decisions show partiality toward any party and the Court does not discern any.  As set forth below, Plaintiff may not seek recusal simply because the Court exercised it duties to issue rulings in the case.  Plaintiff's Motion for Recusal under § 455(a) will be denied.

Second, the Court will consider whether any of Plaintiff's arguments require recusal under § 455(b)(1).  Plaintiff has failed to show the undersigned has "personal knowledge of disputed evidentiary facts concerning the proceeding."  28

U.S.C. § 455(b)(1).  As such, Plaintiff's argument for recusal under § 455(b)(1) is limited to whether the undersigned "has a personal bias or prejudice concerning a party."  It appears Plaintiff alleges this Court both has favoritism towards the Defendants and is biased against him.

Plaintiff's only evidence of any bias against him is the Court's decisions in the 2018 Action.  This evidence is not sufficient to show actual bias here.  See D'Amario, 182 F. App'x at 103 (3d Cir. 2006) (affirming the denial of a motion to recuse because it was "no more than a disagreement with the legal conclusions of [a] [d]istrict [j]udge . . ."); Securacomm Consulting, Inc. v. Securacom, Inc., 224 F.3d 273, 278 (3d Cir. 2000) (finding no abuse of discretion on review of a denial of a recusal motion and stating "a party's displeasure with legal rulings does not form an adequate basis for recusal").  Further, as explained above, the mere fact that the undersigned has had ties to Rutgers Law School does not show any bias, especially where the instant suit is directed at other components of the university.  Jersey Asparagus Farms, Inc., 2011 WL 1584171 at *3.  Plaintiff's Motion for Recusal, to the extent it relies upon § 455(b)(1), will also be denied.

With respect to Plaintiff's argument that recusal is warranted under § 455(b)(4), it fails for the simple reason that the undersigned does not receive any current financial benefit

10

from Rutgers University and has not done so for many years.  The
Court is aware that a profile of the undersigned remains on a
Rutgers website but that is an artifact of previous service long
ago concluded.  The plain language of § 455(b)(4) indicates that
for recusal on the basis of a financial interest, there actually
must be some financial interest in question that relates to the
case at bar. § 455(b)(4) (requiring recusal only where the
judge, "individually or as a fiduciary, or his spouse or minor
child residing in his household, has a financial interest in the
subject matter in controversy or in a party to the proceeding,
or any other interest that could be substantially affected by
the outcome of the proceeding"); Plechner, 569 F.2d at 1261.
Plaintiff's Motion for Recusal, to the extent it relies upon §
455(b)(4), will also be denied.

**D. Plaintiff's Conduct and Responsibilities to the Court**

Unfortunately, this Court must again remind J.C. of his
obligations to this Court and other litigants.  Even though J.C.
is proceeding pro se, he is still governed by Federal Rule of
Civil Procedure 11, 12 and Local Rule of Civil Procedure,
Appendix R.  Plaintiff's status as a pro se litigant gives him
no more right than any attorney or party before this Court to
engage in conduct detrimental to this Court and the orderly
administration of justice.  This Court reminds J.C. that
inappropriate language and personal insults directed to the

11

parties and the Court in written submissions may lead to the
striking of pleadings and the imposition of sanctions or
contempt.

Rule 11 grants district courts "the power to sanction
abusive pro se litigants." Thomas v. Conn. Gen. Life Ins. Co.,
2003 WL 22953189, at *3 (D. Del. Dec. 12, 2003) (quoting Ketchum
v. Cruz, 775 F. Supp. 1399, 1403 (D. Colo. 1991), aff'd, 961
F.2d 916 (10th Cir. 1992)).  Plaintiff's continuous and hostile
insults to the Court and his adversaries have no clear purpose
other than to harass.  By signing pleadings and motions, a
plaintiff is certifying his representations are not "for any
improper purpose, such as to harass" and that his
representations are truthful, to the best of his knowledge,
information, and belief.  While Rule 11 sanctions are "intended
to be used only in 'exceptional' circumstances," Ferreri v. Fox,
Rothschild, O'Brien & Frankel, 690 F. Supp. 400, 405 (E.D. Pa.
1988), if Plaintiff's conduct throughout this case, which he
also displayed in his previous action, continues to be
"exceptional," this Court will not hesitate to sanction
Plaintiff.

Additionally, Appendix R to the Local Rules of Civil
Procedure explains the obligations which lawyers owe to opposing
counsel and the Court.  Because J.C. is acting as his own
counsel in this case, the Court expects him to comply with those

standards.  Specifically, J.C. "will speak and write civilly and respectfully in all communications with the court" and "will not knowingly misrepresent, mis-characterize, misquote, or mis-cite facts or authorities in any oral or written communication to the court."

Plaintiff is cautioned against making irrelevant, immaterial, impertinent, scandalous, or potentially defamatory statements on this Court's public docket.  For example, stating that Daisey "is another loser who could never get a job at a real school" and an "excuse of a human being" is inappropriate in a submission to the Court.  Calling this Court's Orders "sabotage" and the Court "one the biggest disgraces walking planet earth" is both outrageous and unwarranted.  J.C.'s use of insulting language in his written submissions will not be tolerated.  The Court expressly reserves judgment as to whether any of Plaintiff's behavior - to this point - warrants Rule 11 sanctions and whether certain matters should be stricken as scandalous and improper material.  FED. R. CIV. P. 12(f).

<u>**CONCLUSION**</u>

For the reasons stated herein, this Court will deny Plaintiff's Motion for Recusal.  An appropriate Order will be entered.

Date: ___March 9, 2022___          s/  Noel L. Hillman___
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.