UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| J.C. individually, and all others similarly situated, | Civ. No. 1:21-cv-12361-NLH-MJS |
| Plaintiff, | **OPINION** |
| v. | |
| DAVID LOCHA, et al. | |
| Defendants. | |

**APPEARANCES:**

J.C.
P.O. BOX 934
PHILADELPHIA, PA 19105

   *Plaintiff appearing Pro Se*

**HILLMAN**, District Judge

### BACKGROUND

This case concerns civil rights claims brought by a pro se litigant, J.C. ("Plaintiff"), under 42 U.S.C. § 1983 and the New Jersey Civil Rights Act.  Currently before this court is Plaintiff's Motion for Reconsideration (ECF No. 9).  For the reasons below, the Court will grant the Motion for Reconsideration in part; deny it in part; after reconsideration deny all of the original relief sought; and issue an Order to Show Cause as to why the Court should not sanction Plaintiff for

his harassing and insulting pleadings and other submissions to the Court.

## DISCUSSION

On June 29, 2021, Plaintiff filed a complaint in this Court against David Locha, David L. Henriquez, Nicholas Episcopo, David Bolla, Jane Doe, Mary Beth Daisey, Jennifer Hammill, Jonathan Biondi, Richard Dinan, Casey Woods, Jewell Battle, Phoebe Haddon, Kevin Pitt, and Rutgers University (collectively "Defendants").  (ECF 1 at 2).  The Complaint alleges that on June 13, 2019, Plaintiff was removed from the library at Rutgers University in Camden, New Jersey, by police.  (Id. at 4).  Plaintiff alleges that these actions violated his constitutional rights.  (Id. at 11).[1]

Plaintiff followed the Complaint with a "Motion to Disqualify" and a "Motion to Reassign" on August 13, 2021.

---

[1] This Court notes that on the facts alleged in the complaint that the complaint appears to be untimely.  Actions under 42 U.S.C. § 1983 are subject to a two-year statute of limitations and such claims accrue on the date Plaintiff knew or should have known of the constitutional tort.  See Genty v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991) (citing Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989)); Fullman v. Pa. Dep't of Corr., 265 Fed. Appx. 44, 46 (3d Cir. 2008).  Here, Plaintiff claims he was removed from the Rutgers Camden library on June 13, 2019.  To be timely, a complaint arising from that event should have been filed within two years of that date.  Plaintiff's complaint, filed on June 29, 2021, was filed beyond that date.

(Both filed as ECF No. 5).[2]  In them, Plaintiff reiterates that the undersigned should be recused under 28 U.S.C. § 455(a) and (b)(2)-(5).  Plaintiff also takes issue with Local Civil Rule 40.1(c) with regards to assignment of cases, which allows for related cases to be heard by the same Judge, improving court efficiency.  (ECF No. 5 at 10 of 15).  Plaintiff asserts that the case sheet provided to him at the outset of his case provides: "Assignment of Cases: Local Civil Rule 40.1(c) states that '[a] subsequent case or application filed by a pro se plaintiff shall, where feasible and within the appropriate vicinage, be assigned to the Judge to whom the first prior case or application of the plaintiff was assigned.'"  (ECF No.5 at 10 out of 15).  Plaintiff believes that Local Civil Rule 40.1(c) was applied which caused the assignment of his case to the undersigned and believes the Clerk's compliance with this rule impinges on the "due process mandates" of random assignment of cases, and that if Local 40.1(c) was applied sparingly it would have put this case on a different Judge's docket.  (Id. at 11-12).

---

[2] This Court notes that Plaintiff filed two motions that were incorporated into one docket entry on August 13, 2021.  (ECF No. 5).  The Order issued on March 9, 2022 denied Plaintiff's Motion for Recusal but did not explicitly address Plaintiff's Motion for Reassignment.  (ECF No. 6).  In that respect, the Court will grant Plaintiff's motion for reconsideration in order to explicitly address Plaintiff's Motion for Reassignment.

This Court issued an opinion on March 9, 2022 denying Plaintiff's demands for the undersigned's recusal (and perforce, if recusal was granted, the case's subsequent reassignment). On April 7, 2022, Plaintiff filed a Motion for Reconsideration and filed a subsequent supplement to that Motion on May 5, 2022. (ECF Nos. 9 and 10).

## I. Jurisdiction

This Court possesses subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1367.

## II. Motion for Reconsideration Standard

The Court first considers Plaintiff's Motion for Reconsideration under Federal Rule of Civil Procedure 59(e) ("Rule 59(e)"). Rule 59(e) permits a Court to alter or amend a final judgment. Fed. R. Civ. P. 59(e). Because there has been no final judgment entered under Federal Rule of Civil Procedure 54(b), a Rule 59(e) motion is inapplicable. Jones v. Sanko S.S. Co., No. 10-6787, 2016 U.S. Dist. LEXIS 26205, at *10-11 (D.N.J. Mar. 2, 2016) (citing Mitchell v. Twp. Of Willingboro Mun. Gov't, 913 F. Supp. 2d 62, 78 (D.N.J. 2012)).

Next, the Court construes Plaintiff's Motion for Reconsideration as one under Local Rule of Civil Procedure 7.1(i). Local Rule 7.1(i) allows a party to file a motion with the Court requesting the Court to reconsider the "matter or controlling decisions which the party believes the Judge or

Magistrate Judge has overlooked."  In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration, allowing an additional avenue for a court to reconsider its decision.  Flores v. Predco Servs. Corp., No. 10-1320, 2011 WL 3273573, at *1 (D.N.J. Jul. 29, 2011).  The Third Circuit has held that a Rule 7.1(i) motion may be granted only if: (1) there has been an intervening change in the controlling law; (2) evidence not available when the Court issued the subject order has become available; or (3) it is necessary to correct a clear error of law or fact to prevent manifest injustice.  Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (internal citations omitted).  These motions must be made within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge.  L. Civ. R. 7.1(i).

    Local Civil Rule 7.1(i) applications are to be granted sparingly.  Brackett v. Ashcroft, No. 03-3988, 2003 U.S. Dist. LEXIS 21312, at *2 (D.N.J. Oct. 7, 2003) (internal citations omitted) ("[r]econsideration is an extraordinary remedy that is granted very sparingly."); see also L. Civ. R. 7.1(i), cmt. 6(d).  A mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law.  United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999).  The burden is on the moving party to

5

demonstrate the existence of clear error or manifest injustice. Andreyko v. Sunrise Sr. Living, Inc., 993 F. Supp. 2d 475, 478 (D.N.J. 2014) (citations omitted). In doing so, the moving party must show the "'dispositive factual matter or controlling decisions of law'" it believes the court overlooked in its initial decision. Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 215 F. Supp. 2d 482, 507 (D.N.J. 2002).

First, it must be noted that Plaintiff's Motion is untimely under Local Civil Rule 7.1 which has a 14-day filing period.[3] While the Court has authority to decline consideration of late filings, the Court will accept Plaintiff's Motion as if it were timely filed. Second, as it relates to Plaintiff's motion for recusal, Plaintiff fails to show there has been an intervening change in the controlling law, nor has he presented new evidence previously unavailable when the Court issued the subject order.

In this instance, Plaintiff wants this Court to reconsider whether the undersigned properly retained this matter. Plaintiff has failed to demonstrate a clear error of law or fact or present any examples of manifest injustice regarding the Court's decision to deny that motion. Plaintiff's briefs

---

[3] ECF No. 6 filed on March 9, 2022, and Plaintiff's Motion for Reconsideration was filed on April 7, 2022, well beyond the 14-day filing time provided by Local Civil Rule 7.1. Even under the 28-day filing time provided by Fed. R. Civ. P. Rule 59(e), the Motion would be untimely. See Fed. R. Civ. P. Rule 59(e).

6

largely consist of Plaintiff's frustration with court processes and unsupported assertions that this Court's legal analysis of various issues was incorrect.

**A. Recusal**

With regards to Plaintiff's demand for the undersigned to recuse himself from this matter, Plaintiff insists that his diatribe of inaccurate and inflammatory conjectures is sufficient to undermine established judicial process and precedent.  Plaintiff primarily focuses on the undersigned's (and, allegedly, his law clerks') affiliation with Rutgers University.  (ECF No. 9 at 2-4; ECF No. 10 at 5-6).  The Opinion discussed in detail the undersigned's prior teaching affiliations, lack of continuing financial connection to or benefit from Rutgers, lack of personal knowledge related to this proceeding, and will not reiterate them here.  (ECF No. 6 at 6-11).  The fact that Plaintiff wants these attenuated connections to Rutgers' Law School[4] to create the impression of bias does not make it so: the perception of an average, reasonable layperson is the controlling standard.  In re Kensington Int'l Ltd., 368 F.3d 289, 303 (3d Cir. 2004).  Reiterating that, in Plaintiff's

---

[4] As stated in the prior opinion of this Court, to the extent the undersigned has any connections with Rutgers University, it is one with the law school and not the undergraduate college's Robeson Library or the security services that are utilized by the University, which are the entities involved in this action. (ECF No. 6 at 8).

7

opinion, there is bias based on arguments previously made and evidence previously considered is not sufficient to warrant reconsideration. Faceton, Inc. v. Comp Care Partners, LLC, No. 13-6765, 2015 WL 519414, at *1 (D.N.J. Feb. 9, 2015) ("[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden."). The application of this standard is within the sound discretion of the trial court judge. United States v. Wilensky, 757 F.2d 594, 599-600 (3d Cir. 1985). Plaintiff has not met his burden to demonstrate a clear error of law or fact or "manifest injustice" with regards to this Court's analysis and decision to deny Plaintiff's Motion for Recusal.

### III. Motion for Reassignment – Local Civil Rule 40.1(c)

One aspect of Plaintiff's motion for reconsideration does warrant further review as Plaintiff is correct that the Court did not explicitly address his assertions regarding the Clerk's assignment of this matter. Plaintiff alleged in his Motion for Reassignment that Local Civil Rule 40.1(c) is an "illegal official policy" that violates his "right" for his case to be randomly assigned. (ECF No. 5 at 10 of 15). Plaintiff has provided no evidence in support of his allegation that the undersigned manipulated the case assignment process and none

8

exists as the case was assigned in the ordinary course by the Clerk's office.  Moreover, there is nothing on the docket to suggest that the case was assigned pursuant to Local Rule 40.1(c)[5] nor did this Court direct the Clerk to assign this case to the undersigned.

Moreover, even if Rule 40.1(c) had been employed by the Clerk in this matter, nothing improper or untoward would have occurred.  Litigants do not have a right to have their case heard by a particular judge, have no right to a particular judge-selection procedure, and do not have a right to a randomly selected judge.  In re Brown, 577 Fed. App'x. 89, 90 (3d Cir. 2014)(citing United States v. Pearson, 203 F.3d 1243, 1256 (10th Cir. 2000)).  Further, 28 U.S.C. § 137, which governs court business, does not require any particular method of case assignment:

> The business of a court having more than one judge shall be divided among the judges as provided by the rules and orders of the court.  The chief judge of the district court shall be responsible for the observance of such rules and orders, and shall divide the business and assign the cases so far as such rules and orders do not otherwise prescribe.

---

[5] Plaintiff notes that the Rule is, in part, listed on "the sheet that generated with the case" (ECF No. 5 at 10 of 15), but the Notice of Guidelines for Appearing Pro Se (ECF No. 2) is meant to be for purely informational purposes for pro se litigants as they begin their case and does not indicate anything specific to the case at bar.  See ECF No. 2 at 4 ("**THIS NOTICE IS FOR INFORMATIONAL PURPOSES ONLY**").

9

28 U.S.C. § 137.  The statute gives the district court broad discretion in assigning court business to individual judges.  In re Atamian, 247 Fed. Appx. 373, 374 (3d Cir. 2007).  Therefore, as Plaintiff is entitled to an explicit ruling on that aspect of his original motion, his motion for reconsideration will be granted.  However, the Motion for Reassignment must be denied.

### IV.  Plaintiff's Conduct - Rule 11 Sanctions

This Court has forewarned Plaintiff regarding his behavior toward the Court, and other litigants, and that a continued lack of civility will result in potential Rule 11 sanctions and the striking of those matters which are scandalous and improper. Fed. R. Civ. P. 12(f).

Rule 11 grants district courts "the power to sanction abusive pro se litigants."  Thomas v. Conn. Gen. Life Ins. Co., No. 02-136, 2003 U.S. Dist. LEXIS 22436, 2003 WL 22953189, at *3 (D. Del. Dec. 12, 2003) (quoting Ketchum v. Cruz, 775 F. Supp. 1399, 1403 (D. Colo. 1991), aff'd, 961 F.2d 916 (10th Cir. 1992)).  Rule applies expressly applies not only to attorneys but also to a "party" and those "unrepresented."  See Fed. R. Civ. P. 11(a), (b), and (c)(1).  By signing pleadings and motions, a plaintiff certifies his representations are not "for any improper purpose, such as to harass" and that his representations are truthful, to the best of his knowledge, information, and belief.  Fed. R. Civ. P. 11(b)(1).

10

Additionally, Appendix R to the Local Civil Rules explains the obligations which lawyers owe to opposing counsel and the Court. Because J.C. is acting as his own counsel in this case, the Court expects him to comply with those standards. Specifically, J.C. has been repeatedly instructed to "speak and write civilly and respectfully in all communications with the court" and "not [to] knowingly misrepresent, mis-characterize, misquote, or mis-cite facts or authorities in any oral or written communication to the court."

Plaintiff has a history with this Court with regards to utilizing his filings as venues to insult and attack this Court, its officers, and opposing litigants. Aside from calling the undersigned and other officers of the court "criminals," "goons," "sacks of . . . poop," and "human scum," Plaintiff has regularly peppered in derogatory comments in between citations in his communications and Motions to the Court such as: "At about 1:08 three goons, Locha who they refer to as a sgt, [sic] Bolla, and Episcopo who is a 135 lb weakling, converge on Plaintiff and trap . . ." (ECF No. 1 at 5); "Once again you are one [sic] the biggest disgraces walking planet earth, should be in a cell." (ECF No. 5 at 1); "it's funny you don't state a date though, snake." (ECF No. 9 at 4); "You have a suit coming very soon . . . I know everything about you, all of these frivolous prosecutions mostly politically based, all of the baseless

11

filings and moves." (ECF No. 10 at 1); "Wrong only in your demented head is this the only evidence of bias." (ECF No. 10 at 6).

In his most recent letter to the Court, received May 19, 2022, Plaintiff resorts to name calling the clerks who have assisted him with his recent filings. This Court's docket is replete with similar examples of abusive language and inappropriate use of motion practice to threaten and criticize.

While Rule 11 sanctions are "intended to be used only in 'exceptional' circumstances," Ferreri v. Fox, Rothschild, O'Brien & Frankel, 690 F. Supp. 400, 405 (E.D. Pa. 1988), after receiving three warnings regarding his vitriolic and potentially defamatory language towards this Court,[6] its officers, and the opposing litigants, Plaintiff's conduct has far exceeded the threshold for "exceptional" misbehavior. Accordingly, the Court will issue an Order directing Plaintiff to Show Cause within 14 days why he should not be sanctioned in the amount of $1,000 for his abusive filings in this Court. Fed. R. Civ. P. 11(c)(3).

**V. Rule 4(m) Time Limit for Service**

Plaintiff has not yet served the Defendants in this action. (See ECF No. 3, Summons issued on June 11, 2021. No further

---

[6] See J.C. v. Richards, No. 18-13947, 2019 WL 3369690, at *5-6 (D.N.J. Jul. 26, 2019); J.C. v. Richards, No. 18-13947, 2021 WL 125966, at *3 (D.N.J. Apr. 6, 2021); ECF No. 6 at 11-13.

12

action taken to serve Defendants.).  The Federal Rules of Civil Procedure provide a 90-day time limit for service.  See Fed. R. Civ. P. Rule 4(m).  Failure to effect service within that time period can result in the Court dismissing the action.  Id.  364 days have passed since summonses were issued.  Plaintiff has acknowledged that Defendants have yet to be served.  (ECF Nos. 5 at 5; 9 at 8; 10 at 11).

Accordingly, Plaintiff will be Ordered to serve Defendants within 30 days of the issuance of this Opinion and accompanying Order.  If the Plaintiff does not serve the Defendants within that time period, the matter must be dismissed without prejudice as mandated in Fed. R. Civ. P. Rule 4(m).

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration and Plaintiff's Motion for Reassignment will be granted in part and denied in part.  All relief sought by the original motion will be denied.

An order consistent with this Opinion will be entered.

Date: June 3, 2022           s/ Noel L. Hillman
At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.