```
                    UNITED STATES DISTRICT COURT
                        DISTRICT OF NEW JERSEY
```

J.C. individually, and all
others similarly situated,        Civ. No. 1:21-cv-12361-NLH-MJS

        Plaintiff,        **OPINION and ORDER**

  v.

DAVID LOCHA, et al.

        Defendants.

**APPEARANCES**:

J.C.
P.O. BOX 934
PHILADELPHIA, PA 19105

   *Plaintiff appearing Pro Se*

**HILLMAN**, District Judge

    WHEREAS, Plaintiff had failed to effect service for 381 days in the action; and

    WHEREAS, Plaintiff acknowledged that Defendants were not served; see ECF Nos. 5 at 5; 9 at 8; 10 at 11; and

    WHEREAS, Fed. R. Civ. P. 4(m) provides, in relevant part:

> Time Limit for Service.  If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an

appropriate period;

and

WHEREAS, Plaintiff was ordered by the Court to remedy this deficiency and to serve Defendants in this matter within 30 days of the issuance of the Opinion and Order on June 3, 2022; see ECF No. 12 at 13; and

WHEREAS, the Court received a praecipe from Plaintiff on July 13, 2022, alleging that service was effected on Defendants on June 30, 2022; see ECF No. 22; and

WHEREAS, Plaintiff has failed to provide proof of this service in compliance with Fed. R. Civ. P. 4(l)(1) which provides, in relevant part:

> Affidavit Required. Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit;

and

WHEREAS, Fed. R. Civ. P. 4(l)(3) which provides, in relevant part:

> Validity of Service; Amending Proof. Failure to prove service does not affect the validity of service. The court may permit proof of service to be amended;

WHEREAS, status as a pro se litigant is not a reasonable basis for Plaintiff's failure to provide timely service or otherwise comply with Fed. R. Civ. P. 4; see Sunoco v. Mid-Atlantic Region Retailer Compliance Ctr., No. 10-4941, 2011 WL

4810915, at *4 (D.N.J. Oct. 7, 2011);

WHEREAS, there is no indication whether Defendants actually received a copy of the Summons and Complaint, which is necessary for the Court to establish the validity of service without receipt or other confirmation of delivery; see <u>Wingate Inns Int'l, Inc. v. Hanna G.N. Corp.</u>, No. 21-cv-4715, 2022 WL 154398, at *2 (D.N.J. Jan. 18, 2022);

THEREFORE, it is on this <u>14th</u> day of <u>July</u>, 2022,

**ORDERED** that Plaintiff provide proof of service in this matter in a manner required by Fed. R. Civ. P. 4 and file it with the Clerk of Court for filing on the docket within 30 days of the issuance of this Opinion and Order.  If Plaintiff does not provide proof of service within that time period, the matter will be dismissed without prejudice as mandated by Fed. R. Civ. P. Rule 4(m).

|  |  |
|---|---|
|  | s/ Noel L. Hillman |
| At Camden, New Jersey | NOEL L. HILLMAN, U.S.D.J. |