**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

J.C. individually, and all
otherwise similarly situated,        Civ. No. 1:21-cv-12361-NLH-MJS

            Plaintiff,        **OPINION and ORDER**

      v.

DAVID LOCHA, et al.,

           Defendants.

---

<u>**APPEARANCES**</u>:

J.C.
P.O. BOX 934
PHILADELPHIA, PA 19105
*Plaintiff appearing Pro Se*


<u>**HILLMAN**</u>, **District Judge**

    WHEREAS, Plaintiff was ordered by the Court to provide proof of service in this matter in a manner required by Fed. R. Civ. P. 4 and file it with the Clerk of Court within 30 days of the Court's July 14, 2022 Order (ECF 16);

    WHEREAS, the Court's Order advised that if Plaintiff did not provide proof of service within the instructed time period, this matter would be dismissed without prejudice pursuant to Fed. R. Civ. P. Rule 4(m);

    WHEREAS, Plaintiff filed a document entitled "'Affidavit' of Service" on August 10, 2022 (ECF 17);

WHEREAS, in this "'Affidavit' of Service" Plaintiff asserts that he effected service, but "a dispute arose with the server regarding payment and another issue and as a result they have not sent their proof of service." (ECF 17 at 3);

WHEREAS, Plaintiff did not attach a proof of service as required by Fed. R. Civ. P. 4 to this filing;

WHEREAS, to date Plaintiff has not filed a proof of service in the manner required by Fed. R. Civ. P. 4;

WHEREAS, Plaintiff has thus failed to provide proof of service in compliance with Fed. R. Civ. P. 4(l)(1) which provides, in relevant part:

> Affidavit Required. Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit;[1]

WHEREAS, status as a pro se litigant is not a reasonable basis for Plaintiff's failure to provide timely service or

---

[1] Plaintiff's citation to the language of Fed. R. Civ. P. 4(l)(3) (incorrectly cited as 4(g)) which states in part that '[f]ailure to prove service does not affect the validity of service[,]" is unavailing.  The subsection goes on to state: "The Court may permit proof of service to be amended." Clearly, this subsection was intended to allow proof of service to be amended to reflect the mode of actual service if an earlier filed proof of service was inconsistent or inadequate and does nothing to undermine the clear pronouncement of Fed. R. Civ. P. 4(l)(1) that "proof of service must be made to the court . . . . by the server's affidavit."  Here, Plaintiff may not rely on Fed. R. Civ. P. 4(l)(3) when he has failed to proof actual service by, in part, failing to provide an affidavit from the process server he allegedly hired.

otherwise comply with Fed. R. Civ. P. 4; see Sunoco v. Mid-Atlantic Region Retailer Compliance Ctr., No. 10-4941, 2011 WL 4810915, at *4 (D.N.J. Oct. 7, 2011);

WHEREAS, there is no indication whether Defendants actually received a copy of the Summons and Complaint, which is necessary for the Court to establish the validity of service without receipt or other confirmation of delivery; see Wingate Inns Int'l, Inc. v. Hanna G.N. Corp., No. 21-cv-4715, 2022 WL 154398, at *2 (D.N.J. Jan. 18, 2022);

WHEREAS, on August 26, 2022, Plaintiff filed a motion entitled "Motion for Expedited Special Discovery to Identify Jane Doe" (ECF 18);

THEREFORE, it is on this 8th day of February 2023,

**ORDERED** that this matter be, and the same hereby is, DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. Rule 4(m); and it further

**ORDERED** that Plaintiff's "Motion for Expedited Special Discovery to Identify Jane Doe" (ECF 18) be, and the same hereby is, denied as MOOT; and it is further

**ORDERED** that the Clerk mark this matter as CLOSED.


At Camden, New Jersey                    s/ Noel L. Hillman
                                         NOEL L. HILLMAN, U.S.D.J.