**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| J.C. individually, and on behalf of all others similarly situated<br>　　　　*Plaintiff,*<br><br>　　v.<br><br>DAVID LOCHA; DAVID L. HENRIQUEZ; JANE DOE; NICHOLAS EPISCOPO; DAVID BOLLA; MARY BETH DAISEY; JENNIFER HAMMILL; JONATHAN BIONDI; RICHARD DINAN; CASEY WOODS; JEWELL BATTLE; PHOEBE HADDON; KEVIN PITT; RUTGERS UNIVERSITY a/k/a RUTGERS-CAMDEN "UNIVERSITY"<br><br>　　　　*Defendants.* | 1:21-cv-12361-NLH-MJS<br>**OPINION & ORDER** |

**APPEARANCES**:

J.C.
P.O. BOX 934
Philadelphia, PA 19105

　　*Plaintiff appearing Pro Se*

**HILLMAN**, District Judge

WHEREAS, on June 9, 2021, Plaintiff filed a Complaint on behalf of himself and all others similarly situated, against Defendants under Section 1983 and the New Jersey Civil Rights Act (ECF No. 1); and

WHEREAS, on June 11, 2021, Summonses were issued by the

Clerk of Court (ECF No 3); and

    WHEREAS, on August 13, 2021, Plaintiff sought recusal of the undersigned (ECF No 5) and said Motion was denied on March 9, 2022 (ECF Nos. 6-7); and

    WHEREAS, on April 7, 2022, Plaintiff filed a Motion for Reconsideration of the recusal ruling with supplement (ECF Nos. 9-10) and said Motion was denied on June 3, 2022 (ECF Nos. 11-12); and

    WHEREAS, in its June 3, 2022 Order, this Court also Ordered Plaintiff to Show Cause as to why sanctions should not be imposed for his "inappropriate, abusive, and threatening language directed at this Court, its officers, and opposing litigants" (ECF No. 12); and

    WHEREAS, also in its June 3, 2022 Order, this Court directed Plaintiff to properly serve Defendants in accordance with Fed.R.Civ.P. 4 and to file a Proof of Service with the Clerk of Court within thirty (30) days (ECF No. 12); and

    WHEREAS, Plaintiff timely filed a Response to the Show Cause Order, as well as what he deemed to be an "Affidavit of Service" (ECF Nos. 14-15); and

    WHEREAS, on July 14, 2022, this Court determined service had not been properly executed, provided Plaintiff with another thirty (30) days to do so, and warned Plaintiff that failure to properly execute service within the specified time would result

in dismissal of his case without prejudice, as mandated by Fed.R.Civ.P. 4(m) (ECF No. 16); and

WHEREAS on August 10, 2022, Plaintiff filed another purported "Affidavit of Service" (ECF No. 17), followed by a Motion for Expedited Discovery on August 26, 2022 (ECF No. 18); and

WHEREAS, on February 8, 2023, this Court determined the "Affidavit of Service" was not in compliance with Fed.R.Civ.P. 4 and dismissed the matter without prejudice, thereby rendering Plaintiff's Motion for Expedited Discovery moot (ECF No. 19); and

WHEREAS, on April 5, 2023, Plaintiff filed the instant Motion for Reconsideration under Rule 59(e) (ECF No. 22) and another Motion for Expedited Discovery (ECF No. 24); and

WHEREAS, "Rule 59(e) motions require that a final judgment be issued" and where an Order specifies that dismissal is without prejudice, it does not "operate[] as an adjudication upon the merits." Burtch v. Milberg Factors, Inc., 662 F.3d 212, 230 n.8 (3d Cir. 2011) (cleaned up); and

WHEREAS, this Court's February 8, 2023 Order specifically stated that dismissal was "without prejudice" (ECF No. 19 at 3); and

WHEREAS, on April 14, 2023, Plaintiff filed a Motion for Reconsideration under Rule 60(b)(1), (3), (4) and (6), arguing

3

in pertinent part that this Court: made a mistake interpreting Fed.R.Civ.P. 4; committed misconduct and fraud by reason of an alleged but non-existent affiliation with Defendants; lacked jurisdiction and issued a void judgment because the court is "disqualified" and "disbarred"; and, issued an Order that should be reversed because the court is "dumb" and "out of control" (ECF No. 23); and

WHEREAS, Rule 60(b) provides relief from a final judgment only for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b)(1)-(6); and

WHEREAS, this Court has already thoroughly and correctly addressed the mandates of Rule 4 (ECF Nos. 11 at 12-13, 16 at 1-3, 19 at 1-3); and

WHEREAS, this Court has already thoroughly considered and addressed Plaintiff's allegations of an affiliation with Defendants (ECF Nos. 6 at 3-11, 11 at 4-8); and

WHEREAS, the alleged bases presented by Plaintiff for

relief under subsections (b)(4) and (6) are similarly without merit.

THEREFORE, it is on this 4th day of May 2023,

**ORDERED** that Plaintiff's Motion for Reconsideration under Rule 59(e) (ECF No. 22) and Motion for Reconsideration under Rule 60(b) (ECF No. 23) be, and the same hereby are, DENIED and it is further

**ORDERED** that Plaintiff's Motion for Expedited Discovery (ECF No. 24) be, and the same hereby is DENIED as MOOT.

At Camden, New Jersey

/s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.